# EXHIBIT A

STATE OF MAINE                                                    SUPERIOR COURT
Androscoggin, SS                                                  CIVIL ACTION
                                        DOCKET NO.: ANDSC-CIV-2025-

| | |
|---|---|
| GERALD J. LARUE,<br>        Plaintiff<br><br>VS.<br><br>HARBOR FREIGHT TOOLS USA, INC. d/b/a<br>PITTSBURGH AUTOMOTIVE is a foreign<br>corporation authorized to do business in Maine,<br><br>and<br><br>HARBOR FREIGHT TOOLS CORPORATE,<br>LLC, a limited liability company doing business<br>in Maine,<br>          Defendants | COMPLAINT |

NOW COMES the Plaintiff, by and through his attorney, and complains against the Defendants as follows:

## PARTIES

1. Plaintiff, Gerald J. Larue, is an individual residing in the city of Poland, County of Androscoggin, State of Maine.

2. Defendant Harbor Freight Tools USA, Inc. (doing business under the trade name "Pittsburgh Automotive") is a foreign corporation authorized to do business in Maine.

3. Defendant Harbor Freight Tools Corporate, LLC, is a limited liability company doing business in Auburn, County of Androscoggin, State of Maine.

## COUNT I

4. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 3 and incorporates the same herein by reference.

5. Sometime prior to June 06, 2021, Plaintiff purchased a pneumatic roller seat from Harbor Freight, located on Center Street in Auburn, County of Androscoggin, State of Maine. On or around June 06, 2021, the pneumatic roller seat collapsed and broke while the Plaintiff was sitting on it, causing the Plaintiff to fall and injure himself.

6. Harbor Freight Tools USA, Inc. d/b/a Pittsburgh Automotive owed Plaintiff the duty to exercise due care in the testing, warnings, and pre-sale advertising, sales, product information, and instructions of the pneumatic roller seat.

1

7. Harbor Freight Tools USA, Inc. d/b/a Pittsburgh Automotive breached its duty to exercise due care because it was negligent in the testing and inspection of the pneumatic roller seat.

8. Harbor Freight Tools USA, Inc. d/b/a Pittsburgh Automotive was negligent in failing to warn, instruct, and label or otherwise adequately inform the public of the dangerous and defective nature of that product.

9. Harbor Freight Tools USA, Inc. d/b/a Pittsburgh Automotive knew or in the exercise of reasonable care should have known that the pneumatic roller seat was dangerous and defective and had not been inspected and tested properly and could cause harm to persons coming into contact with the said pneumatic roller seat.

10. The negligence of Harbor Freight Tools USA, Inc. d/b/a Pittsburgh Automotive was the direct and proximate cause of serious and permanent injuries to Plaintiff, whose use was reasonably foreseeable.

11. Said injuries caused great pain and suffering to Plaintiff, requiring medical treatment for which Plaintiff is liable financially and have caused him loss of enjoyment of life, all of which elements of damage are of a continuing nature since the injuries are permanent in their effects.

WHEREFORE, Plaintiff Gerald J. Larue prays judgment that is reasonable against Harbor Freight Tools USA, Inc. d/b/a Pittsburgh Automotive on this Count I, together with interest and costs.

## COUNT II

12. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 and incorporates the same herein by reference.

13. Harbor Freight Tools USA d/b/a Pittsburgh Automotive, Inc. was at all times herein stated a seller engaged in the business of selling pneumatic roller seat, such as the one involved in this case. Harbor Freight sold the pneumatic roller seat, which caused the harm to Plaintiff.

14. Harbor Freight Tools USA, Inc. d/b/a Pittsburgh Automotive might reasonably have expected a person such as Plaintiff to use, consume, or be affected by that pneumatic roller seat.

15. Harbor Freight Tools USA, Inc. d/b/a Pittsburgh Automotive expected this pneumatic roller seat to reach the consumer or user without significant change in the condition in which it was sold.

2

16. The pneumatic roller seat involved in this case did reach the consumer or user, including Plaintiff Gerald J. LaRue, without significant change in the condition from which it was sold.

17. The pneumatic roller seat Harbor Freight Tools USA, Inc. d/b/a Pittsburgh Automotive sold was in a defective condition, unreasonably dangerous to the user or consumer, including Plaintiff Gerald J. LaRue.

18. Plaintiff Gerald J. LaRue was injured and suffered the aforestated damages as a direct and proximate result of using and/or being affected by this defective pneumatic roller seat.

WHEREFORE, Plaintiff Gerald J. LaRue prays judgment under 14 M.R.S.A. § 221 and all applicable Maine laws that is reasonable against Harbor Freight Tools USA, Inc. d/b/a Pittsburgh Automotive on this Count II, together with interest and costs.

## COUNT III

19. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 18 and incorporates the same herein by reference.

20. Harbor Freight Tools USA, Inc. d/b/a Pittsburgh Automotive impliedly warranted that the pneumatic roller seat was fit for the purpose for which it was designed, that it was a safe and suitable pneumatic roller seat and that said product was fit and suitable for that purpose.

21. In reliance upon Harbor Freight Tools USA, Inc. d/b/a Pittsburgh Automotive's skill and judgment and the implied warranty of roller seat's for the purpose, said pneumatic roller seat was purchased as herein-above described.

22. Said pneumatic roller seat was, in fact, not fit for its intended purpose and as a proximate result of the breach of said warranty of roller seats, Plaintiff Gerald J. LaRue sustained injuries and damages as alleged above.

WHEREFORE, Plaintiff Gerald J. LaRue prays for judgment, including all incidental and consequential damages as allowed under the Uniform Commercial Code, M.R.S.A Title 11, et seq., that is reasonable against Harbor Freight Tools USA, Inc. d/b/a Pittsburgh Automotive on this Count III, plus interest and costs.

## COUNT IV

23. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 22 and incorporates the same herein by reference.

24. Plaintiff purchased a pneumatic roller seat from Harbor Freight, located on Center Street in Auburn, County of Androscoggin, State of Maine. On or around June 06, 2021, the

3

pneumatic roller seat collapsed while the Plaintiff was sitting on it, causing the Plaintiff to fall and injure himself.

25. Harbor Freight Tools Corporate, LLC owed Plaintiff the duty to exercise due care in the testing, warnings, and presale advertising, sales, product information, and instructions of the pneumatic roller seat.

26. Harbor Freight Tools Corporate, LLC breached its duty to exercise due care because it was negligent in the testing and inspection of the pneumatic roller seat.

27. Harbor Freight Tools Corporate, LLC was negligent in failing to warn, instruct, label or otherwise adequately inform the public of the dangerous and defective nature of that product.

28. Harbor Freight Tools Corporate, LLC knew or in the exercise of reasonable care should have known that the pneumatic roller seat was dangerous and defective and had not been inspected and tested properly and could cause harm to persons coming into contact with the said pneumatic roller seat.

29. The negligence of Harbor Freight Tools Corporate, LLC was the direct and proximate cause of serious and permanent injuries to Plaintiff, whose use was reasonably foreseeable.

30. Said injuries caused great pain and suffering to Plaintiff, requiring medical treatment for which Plaintiff is liable financially and have caused him loss of enjoyment of life, all of which elements of damage are of a continuing nature since the injuries are permanent in their effects.

WHEREFORE, Plaintiff Gerald J. Larue prays judgment that is reasonable against Harbor Freight Tools Corporate, LLC on this Count IV, together with interest and costs.

## COUNT V

31. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 30 and incorporates the same herein by reference.

32. Harbor Freight Tools Corporate, LLC was at all times herein stated a seller engaged in the business of selling pneumatic roller seat, such as the one involved in this case. Harbor Freight sold the pneumatic roller seat, which caused the harm to Plaintiff.

33. Harbor Freight Tools Corporate, LLC might reasonably have expected a person such as Plaintiff to use, consume, or be affected by that pneumatic roller seat.

34. Harbor Freight Tools Corporate, LLC expected this pneumatic roller seat to reach the consumer or user without significant change in the condition in which it was sold.

4

35. The pneumatic roller seat involved in this case did reach the consumer or user, including Plaintiff Gerald J. LaRue, without significant change in the condition from which it was sold.

36. The pneumatic roller seat Harbor Freight Tools Corporate, LLC sold was in a defective condition, unreasonably dangerous to the user or consumer, including Plaintiff Gerald J. LaRue.

37. Plaintiff Gerald J. LaRue was injured and suffered the aforestated damages as a direct and proximate result of using and/or being affected by this defective pneumatic roller seat.

WHEREFORE, Plaintiff Gerald J. LaRue prays judgment under 14 M.R.S.A. § 221 and all applicable Maine laws that is reasonable against Harbor Freight Tools Corporate, LLC on this Count V, together with interest and costs.

## COUNT VI

38. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 37 and incorporates the same herein by reference.

39. Harbor Freight Tools Corporate, LLC impliedly warranted that the pneumatic roller seat was fit for the purpose for which it was designed, that it was a safe and suitable pneumatic roller seat and that said product was fit and suitable for that purpose.

40. In reliance upon Harbor Freight Tools Corporate, LLC's skill and judgment and the implied warranty of roller seat's for the purpose, said pneumatic roller seat was purchased as herein-above described.

41. Said pneumatic roller seat was, in fact, not fit for its intended purpose and as a proximate result of the breach of said warranty of roller seats, Plaintiff Gerald J. LaRue sustained injuries and damages as alleged above.

WHEREFORE, Plaintiff Gerald J. LaRue prays for judgment, including all incidental and consequential damages as allowed under the Uniform Commercial Code, M.R.S.A Title 11, et seq., that is reasonable against Harbor Freight Tools Corporate, LLC on this Count VI, plus interest and costs.

***SIGNATURE PAGE TO FOLLOW***

5

DATED at Lewiston, Maine, this 25th day of November, 2025.


*/s/ Carly R. Cosgrove, Esq.*
Carly R. Cosgrove, Esq.
Bar No. 010256
Attorney for Plaintiff
Hardy Wolf & Downing, PA
P.O. Box 3065
Lewiston, ME 04243-3065
207-784-1589
ccosgrove@hardywolf.com

6